UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| PEGGY MILTON | * | |
|     Plaintiff, | * | CIVIL ACTION NO.: |
| | * | |
| | * | JUDGE: |
| VERSUS | * | |
| | * | MAGISTRATE: |
| EXPERIAN INFORMATION SOLUTIONS, INC. | * | |
| an Ohio corporation, and | * | |
| SECTION 705 FEDERAL CREDIT UNION | * | |
| | * | |
|     Defendants. | * | |

*******************************************

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF, PEGGY MILTON**, a resident of Acadia Parish, Louisiana, through undersigned counsel, and for her Complaint against the Defendants, pleads as follows:

**JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

**VENUE**

3. The transactions and occurrences which give rise to this action occurred in Lafayette Parish, Louisiana.

4. Venue is proper in the Western District of Louisiana.

## PARTIES

5. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian") which is an Ohio company that maintains as registered agent in Baton Rouge, Louisiana; and

    b. Section 705 Federal Credit Union ("Section 705") which is a Louisiana company that maintains its offices in Lafayette, Louisiana.

## GENERAL ALLEGATIONS

6. Section 705 Federal Credit Union has misreported its trade line with account number 482099410019XXXX ("Errant Trade Line") on Plaintiff's Experian credit file with a balance of $9,795.00.

7. Mrs. Milton does not owe a balance on the Errant Trade Line as she settled the alleged debt, which is the subject of the Errant Trade Line, with Southwest Collection Services, LLC, a debt collector, and complied with all of the terms of the settlement.

8. On or about November 19, 2014, Mrs. Milton received a letter from Southwest Collection Services, LLC outlining the payments that she made to it regarding the settlement she made with it. This showed a zero balance owed on the alleged debt.

9. In January 2015, Mrs. Milton's husband received a statement from Section 705 Credit Union stating that he owed it $9,795.86.

10. Sometime in March 2015, Mrs. Milton obtained her Experian credit file and noticed that Section 705 Federal Credit Union was reporting the Errant Trade Line with a balance.

11. On or about March 9, 2015, Mrs. Milton submitted a letter to Experian disputing the balance on the Errant Trade Line.

12. Upon information and belief, Experian transmitted Mrs. Milton's consumer dispute to Section 705.

13. On or about May 13, 2015 at 1:43p.m., Mrs. Milton obtained her Experian credit file which showed that Section 705 Federal Credit Union retained the balance of $9,795.00 on the Errant Trade Line.

14. However, on or about May 13, 2015 at 8:03 p.m., Mrs. Milton obtained her Experian credit file again which showed that Section 705 Federal Credit Union removed the balance from the Errant Trade Line.

15. However, on or about May 20, 2015 at 6:51 p.m., Mrs. Milton obtained her Experian credit report once more and noticed that Section 705 Federal Credit Union reinserted the balance of $9,795.00 on the Errant Trade Line.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

## BY SECTION 705

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by all Experian of Mrs. Milton's consumer dispute to the Errant Trade Line, Section 705 negligently failed to conduct a proper investigation of Mrs. Milton's dispute as required by 15 USC 1681s-2(b).

18. Section 705 negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-

2(b).  Specifically, it failed to direct Experian to remove the balance on the Errant Trade Line.

19. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. Milton's consumer credit file with Experian to which it is reporting such trade line.

20. As a direct and proximate cause of Section 705's negligent failure to perform its duties under the FCRA, Mrs. Milton has suffered damages, mental anguish, suffering, humiliation and embarrassment.

21. Section 705 is liable to Mrs. Milton by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. The Plaintiff has a private right of action to assert claims against Section 705 arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Section 705 for damages, costs, interest and attorneys' fees.

## COUNT II
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY SECTION 705

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Experian that Mrs. Milton disputed the accuracy of the information it was providing, Section 705 willfully failed to conduct a proper investigation of Mrs. Milton's dispute.

25. Section 705 willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of Section 705's willful failure to perform its respective duties under the FCRA, Mrs. Milton has suffered damages, mental anguish, suffering, humiliation and embarrassment.

27. Section 705 is liable to Mrs. Milton for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Section 705 for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EXPERIAN

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Milton as that term is defined in 15 USC 1681a.

30. Such reports contained information about Mrs. Milton that was false, misleading and inaccurate.

31. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Milton, in violation of 15 USC 1681e(b).

32. After receiving Mrs. Milton's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

33. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mrs. Milton has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

34. Experian is liable to Mrs. Milton by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

## BY EXPERIAN

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Milton as that term is defined in 15 USC 1681a.

37. Such reports contained information about Mrs. Milton that was false, misleading and inaccurate.

38. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Milton, in violation of 15 USC 1681e(b).

39. After receiving Mrs. Milton's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mrs. Milton has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

41. Experian is liable to Mrs. Milton by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

August 15, 2015                /s/  Grady J. Flattmann
                               GRADY J. FLATTMANN (LA. BAR #29731)
                               GRADY J. FLATTMANN, ATTORNEYS AT LAW, LLC
                               510 N. Jefferson Ave.
                               Covington, LA 70433
                               (985) 590-6182 telephone
                               (985) 249-2658 facsimile
                               Flattmannlaw@gmail.com

                               AND, PENDING *PRO HAC VICE* ADMISSION

                               /s/ Gary Nitzkin
                               GARY D. NITZKIN (P 41155)
                               TRAVIS SHACKELFORD (P 68710)
                               NITZKIN & ASSOCIATES
                               Attorneys for Plaintiff
                               22142 West Nine Mile Road
                               Southfield, MI 48033
                               (248) 353-2882
                               Fax (248) 353-4840
                               gnitzkin@creditor-law.com